# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
CIVIL ACTION NO. _____

| | |
|---|---|
| **ANDREW PIELECK, SR. AND STEPHANIE PIELECK, individually and as Legal Guardians of A.W.P., a Minor, and A.C.P., a Minor,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**GREAT WOLF RESORTS, INC., GREAT WOLF LODGE OF THE CAROLINAS, LLC, AND GWR CAROLINAS PROPERTY OWNER LLC,**<br><br>**Defendants.** | **COMPLAINT** |

Plaintiff Andrew Pieleck, Sr. and Stephanie Pieleck, individually and as Legal Guardians of A.W.P., a Minor (collectively, "Plaintiffs"), and A.C.P., a Minor, by and through counsel, complaining of Defendants, allege and say as follows:

## PARTIES, JURISDICTION AND VENUE

1. Plaintiff Andrew Pieleck, Sr. ("Andrew") is the natural father and legal guardian of A.W.P. and A.C.P., minors. Andrew is an adult citizen and resident of Bedford County, Virginia, who brings this action individually and in his representative capacity on behalf of A.W.P. and A.C.P.

2. Plaintiff Stephanie Pieleck ("Stephanie") is the natural mother and legal guardian of A.W.P. and A.C.P., minors. Stephanie is an adult citizen and resident of Bedford County, Virginia, who brings this action individually and in her representative capacity on behalf of A.W.P. and A.C.P.

3. A.W.P. and A.C.P. are the natural children of Andrew and Stephanie and are presently minors; collectively they are referred to as "the Minor Plaintiffs."

4. Upon information and belief, Defendant Great Wolf Resorts, Inc. d/b/a Great Wolf Lodge ("GWR Parent") is a corporation formed under the laws of the State of Delaware, with its principal place of business in Chicago, Illinois.

1

5.     Upon information and belief, Defendant Great Wolf Lodge of the Carolinas, LLC d/b/a Great Wolf Lodge ("GWL Carolinas") is a limited liability company formed under the laws of the State of Delaware, with its principal place of business in Chicago, Illinois. Upon further information and belief, the sole member of GWL Carolinas is GWR Parent.

6.     Upon information and belief, Defendant GWR Carolinas Property Owner LLC ("GWR Landowner") is a limited liability company formed under the laws of the State of Delaware, with its principal place of business in Chicago, Illinois. Upon further information and belief, the sole member(s) of GWR Landowner are GWR Parent and/or GWL Carolinas.

7.     Collectively, GWR Parent, GWL Carolinas, and GWR Landowner are referred to as "Defendants."

8.     Jurisdiction is proper pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9.     This Court has personal jurisdiction over Defendants because Defendants transact substantial business in North Carolina, undertook tortious and unlawful conduct in this federal district that harmed Plaintiffs, and have sufficient minimum contacts with and in this federal district.

10.     Venue is proper in this federal district pursuant to 28 U.S.C. §§ 1391(b)(2) and (b)(3) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this federal district and all Defendants are subject to the Court's personal jurisdiction in this action.

11.     This is an action to recover money damages resulting from Defendants' failure to properly hire, train, and supervise its lifeguards and ensure the safety of children swimming on its premises, directly leading to A.W.P.'s near drowning.

## FACTUAL ALLEGATIONS

### *Corporate Structure of the Great Wolf Lodge*

12.     The real estate and improvements located at 10175 Weddington Road, Concord, NC 28027 (the "Property") were previously owned by GWL Carolinas. In 2015, GWL Carolinas conveyed the Property to GWR Landowner.

13.     Upon information and belief, the Property is presently owned by GWR Landowner and was owned by GWR Landowner as of June 9, 2025.

14.     Upon further information and belief, GWR Parent and/or GWL Carolinas are the only member(s) of GWR Landowner.

15.     Upon information and belief, GWL Carolinas leases some or all of the Property from GWR Landowner, specifically including the Great Wolf Lodge as defined below.

2

16.     Located on the Property is a Great Wolf Lodge resort (the "Great Wolf Lodge"). Upon information and belief, the Great Wolf Lodge is owned and operated by GWL Carolinas.

17.     Upon information and belief, GWL Carolinas is a wholly-owned subsidiary of GWR Parent, such that GWR Parent is the only member of GWL Carolinas.

18.     Upon further information and belief, GWR Parent retains significant control over each of its subsidiaries, including GWL Carolinas, and such control includes control over hiring and employment practices and supervision over employees. Upon further information and belief, GWR Parent's control over and involvement in the daily operations of GWL Carolinas and the daily operations and management of the Great Wolf Lodge extended far beyond establishing common standards for hotel management and guest services and into all aspects of the GWL Carolinas' and the Great Wolf Lodge's decisions to hire, train, supervise, and terminate employees.

19.     GWR Parent's control and involvement in the daily operations of GWL Carolinas and the Great Wolf Lodge created an agency relationship, whereby GWR Parent is liable for the tortious conduct of GWL Carolinas.

20.     Upon information and belief, GWR Parent also exercised significant, if not total, control over GWR Landowner and its operation and maintenance of the Property, such that GWR Parent also is liable for GWR Landowner's tortious conduct through the agency relationship between them.

21.     In addition and as set forth herein, GWR Parent, GWL Carolinas, and GWR Landowner are alter egos of each other, such that they should each be liable for the others' tortious conduct.

### Defendants' Negligence Leads to A.W.P.'s Severe Injuries

22.     As of the summer of 2025, A.W.P. was an 11-year-old minor and a rising sixth-grader, physically healthy and very active in a variety of sports.

23.     On June 9, 2025, A.W.P., his mother, Stephanie, and other extended family members were on vacation at the Great Wolf Lodge resort in Concord.

24.     On the afternoon of June 9, 2025, Stephanie was in an indoor pool at the Great Wolf Lodge supervising A.W.P.'s four-year-old sister.

25.     At approximately 2:17 p.m., A.W.P. was swimming in a corner of a separate, adjacent, indoor pool at the Great Wolf Lodge in water approximately 3 feet deep (at the time, A.W.P. was over 4 ft. tall).

26.     Upon information and belief, A.W.P. began to convulse in the water due to a focal seizure. Approximately one second later, A.W.P. hit the top of his head on the side of the pool.

27.     A.W.P. then jerked and convulsed in the water for approximately 30 seconds, sometimes going completely under and sometimes partially breaking the surface.

3

28. A.W.P. then remained face down in the water, with his nose and mouth completely submerged, for almost four minutes before the lifeguard finally noticed him floating face down.

29. The lifeguard(s) on duty at that time failed to exercise the care that a reasonably prudent person who was serving as a lifeguard at the time would have exercised, in that they, among other things, failed to maintain a proper lookout in the pool at all times, failed to properly supervise and monitor A.W.P. and other swimmers in the pool, and unreasonably failed to recognize signs of A.W.P.'s distress and seizure while he was in the pool.

30. Due to the lack of oxygen from being underwater, A.W.P. went into cardiac arrest. A.W.P. was blue and had no pulse when he was pulled from the pool. He required approximately 15 to 20 minutes of CPR performed by both the lifeguard and first responders before being resuscitated. EMS records indicate that A.W.P. was without a pulse until approximately 2:39 p.m.

31. As her son lay motionless and received extensive CPR, Stephanie watched helplessly; at one point, Stephanie asked the emergency responders whether A.W.P. had a pulse and was told he did not. A.C.P., A.W.P.'s nine-year-old sister, was also present and stood by while CPR was being performed on her brother.

32. A.W.P. was taken by ambulance to the Emergency Department of Atrium Health Cabarrus, before being airlifted to Atrium Health Levine Children's Hospital.

33. Upon information and belief, the lifeguard(s) assigned to the pool in which A.W.P. was located was not paying attention to the pool and the obvious peril of A.W.P.

34. Upon information and belief, there were insufficient lifeguards present for the pool at the time A.W.P. was swimming.

35. As a result of Defendants' negligence, and resulting oxygen deprivation, A.W.P., suffered severe bodily injury that necessitated inpatient hospital treatment and rehabilitation for his neurological injuries, aspirational pneumonia, and related conditions for approximately 10 days, followed by extensive outpatient physical, occupational, speech, and other therapies. A.W.P. experienced significant pain and suffering and emotional distress and continues to suffer severe emotional distress. A.W.P. has suffered from sleeplessness and anxiety necessitating counseling, and his emotional and physical wellbeing have declined. A.W.P.'s schoolwork also declined following the incident.

36. Stephanie and A.C.P. have also suffered severe emotional distress as a result of Defendants' negligence. They both experience sleeplessness, anxiety, and mental anguish necessitating treatment.

### FIRST CAUSE OF ACTION
**[Corporate Negligence / Gross Negligence – GWL Carolinas and GWR Parent]**

37. The preceding paragraphs are realleged and incorporated herein as if fully set forth.

4

38.     At all pertinent times, GWL Carolinas owed Plaintiffs and the Minor Plaintiffs a duty of reasonable care to properly hire, retain, train, and supervise its employees and the work environment.

39.     The lifeguard(s) on duty at the time of the incident owed A.W.P. a duty of reasonable care, but failed to exercise the care that a reasonably prudent person who was serving as a lifeguard at that time would have exercised, and was negligent in at least the following ways:

    a.  Failing to maintain proper vigilance and a proper lookout on pools at all times;

    b.  Failing to recognize signs of A.W.P. in distress in the pool;

    c.  Failing to recognize signs of A.W.P.'s seizure in the pool;

    d.  Failing to properly monitor to ensure the safety of guests, including A.W.P.;

    e.  Acting with reckless disregard for the safety of A.W.P.; and

    f.  Was negligent in other ways to be determined through discovery and trial.

40.     The acts and omissions of the lifeguard described herein are imputed to GWL Carolinas under the doctrine of *respondeat superior* because at all pertinent times they were acting in the course and scope of their employment with GWL Carolinas; alternatively, the acts and omissions of the lifeguard described herein are imputed to GWL Carolinas under principles of vicarious liability and actual or apparent agency.

41.     GWL Carolinas breached the standard of care owed to Plaintiffs and the Minor Plaintiffs by, among other things:

    a.  Failing to hire qualified employees and/or agents, including the lifeguard(s) on duty on June 9, 2025 and their supervisors;

    b.  Failing to properly train their employees and/or agents, including lifeguards, on how to maintain proper vigilance and a proper lookout on pools at all times;

    c.  Failing to properly train their employees and/or agents, including lifeguards, on how to recognize signs of children in distress in a pool;

    d.  Failing to properly train their employees and/or agents, including lifeguards, on how to recognize signs of a seizure in a pool;

    e.  Otherwise failing to properly train their employees and/or agents, including the lifeguard(s) on duty on June 9, 2025;

    f.  Failing to establish proper monitoring to ensure the safety of guests, including A.W.P.;

    g.  Failing to monitor on an ongoing basis the performance of its employees, including the lifeguard(s) on duty on June 9, 2025;

5

h. Failing to oversee, supervise, and monitor the performance of its employees, including lifeguards;

i. Failing to adopt and implement appropriate policies and procedures to ensure the safety of guests, including A.W.P., using the pools at the Great Wolf Lodge;

j. Failing to employ and schedule an appropriate number of qualified, trained lifeguards to ensure the safety of guests, including A.W.P.;

k. Failing to utilize appropriate drowning detection systems, including but not limited to camera surveillance systems, to ensure the safety of guests including A.W.P.;

l. Acting with reckless disregard for the safety of A.W.P.;

m. Was negligent in other ways to be determined through discovery and trial.

42. The acts and omissions of GWL Carolinas, and those under their control and supervision, were willful, wanton, and/or reckless, and amount to gross negligence.

43. The acts and omissions of the lifeguard and GWL Carolinas described herein are imputed to GWR Parent under the doctrine of agency because at all pertinent times GWL Carolinas was the agent of GWR Parent acting in the course and scope of its agency relationship, as well as for the benefit of GWR Parent.

44. As a direct and proximate result of the lifeguard and GWL Carolinas' negligence and/or gross negligence, Plaintiffs are entitled to recover damages from GWL Carolinas and GWR Parent, jointly and severally, in an amount to be determined at trial, but which is believed to exceed $25,000.

**SECOND CAUSE OF ACTION**
**[Corporate Negligence / Gross Negligence – GWR Parent]**

45. The preceding paragraphs are realleged and incorporated herein as if fully set forth.

46. At all pertinent times, GWR Parent owed Plaintiffs and the Minor Plaintiffs a duty of reasonable care to implement appropriate policies, procedures, and practices for the hiring and training of employees and the safety of the guests of Great Wolf Lodge and other affiliated lodge locations.

47. GWR Parent breached the standard of care owed to Plaintiffs and the Minor Plaintiffs by, among other things:

a. Failing to implement proper policies, practices, and procedures for the training of all affiliate (e.g. GWL Carolinas) employees and/or agents, including the lifeguards, on how to maintain proper vigilance and a proper lookout on pools at all times;

6

b.  Failing to implement proper policies, practices, and procedures for the training of all affiliate (e.g. GWL Carolinas) employees and/or agents, including lifeguards, on how to recognize signs of children in distress in a pool;

c.  Otherwise failing to implement proper policies, practices, and procedures for the training of all affiliate (e.g. GWL Carolinas) employees and/or agents, including lifeguards;

d.  Failing to establish proper policies, practices, and procedures for all affiliates (e.g. GWL Carolinas) for monitoring to ensure the safety of guests, including A.W.P.;

e.  Failing to adopt and implement appropriate policies and procedures to ensure the safety of guests at all affiliate pools (e.g. the pools at the Great Wolf Lodge);

f.  Failing to establish proper policies and procedures for the use of appropriate drowning detection systems in all affiliate pools, including but not limited to camera surveillance systems, to ensure the safety of guests of all affiliates (e.g. Great Wolf Lodge;

g.  Failing to monitor the compliance of affiliate employees (e.g. GWL Carolinas') with policies, practices, and procedures for pool safety, lifeguard hiring and training, lifeguard staffing and supervision, etc.;

h.  Acting with reckless disregard for the safety of A.W.P.;

i.  Was negligent in other ways to be determined through discovery and trial.

48.  The acts and omissions of GWR Parent, and those under their control and supervision, were willful, wanton, and/or reckless, and amount to gross negligence.

49.  As a direct and proximate result of GWR Parents' negligence and/or gross negligence, Plaintiffs are entitled to recover damages from GWR Parent in an amount to be determined at trial, but which is believed to exceed $25,000.

**THIRD CAUSE OF ACTION**
**[Negligent Infliction of Emotional Distress – GWL Carolinas and GWR Parent]**

50.  The preceding paragraphs are realleged and incorporated herein as if fully set forth.

51.  GWL Carolinas knew or should have known, and it was reasonably foreseeable, that failing to properly train and supervise its lifeguards, and failing to implement appropriate policies, practices, and drowning detection systems, would cause Plaintiffs severe emotional distress.

7

52. The lifeguard(s) on duty at the time of the incident knew or should have known, and it was reasonably foreseeable, that failing to exercise the care that a reasonably prudent person who was serving as a lifeguard at the time would have exercised would cause Plaintiffs and the Minor Plaintiffs severe emotional distress.

53. GWL Carolina's actions towards Plaintiffs and the Minor Plaintiffs were negligent and did in fact cause severe emotional distress to Plaintiffs and the Minor Plaintiffs.

54. The lifeguard(s)'s actions towards Plaintiffs and the Minor Plaintiffs were negligent and did in fact cause severe emotional distress to Plaintiffs and the Minor Plaintiffs.

55. The acts and omissions of the lifeguard described herein are imputed to GWL Carolinas under the doctrine of respondeat superior because at all pertinent times they were acting in the course and scope of their employment with GWL Carolinas; alternatively, the acts and omissions of the lifeguard described herein are imputed to GWL Carolinas under principles of vicarious liability and actual or apparent agency.

56. The acts and omissions of the lifeguard and GWL Carolinas described herein are imputed to GWR Parent under the doctrine of agency because at all pertinent times GWL Carolinas was the agent of GWR Parent acting in the course and scope of its agency relationship, as well as for the benefit of GWR Parent.

57. As a direct and proximate result of GWL Carolinas' negligent infliction of emotional distress, Plaintiffs are entitled to recover damages from GWL Carolinas and GWR Parent, jointly and severally, in an amount to be determined at trial, but which is believed to exceed $25,000.

## FOURTH CAUSE OF ACTION
### [Negligent Training and Supervision – GWL Carolinas and GWR Parent]

58. The preceding paragraphs are realleged and incorporated herein as if fully set forth.

59. GWL Carolinas had a duty to exercise ordinary and reasonable care in the training and supervision of its lifeguards, including those working at the Great Wolf Lodge on June 9, 2025.

60. GWL Carolinas breached such duties.

61. Specifically, as alleged herein, GWL Carolinas:

   a. Failed to properly supervise its lifeguards so as to ensure they maintained a proper vigilance and lookout on the Great Wolf Lodge pool at all times;

   b. Failed to properly train its lifeguards to maintain appropriate vigilance and lookout on the pool at all times;

   c. Failed to properly train its lifeguards on how to recognize signs of children in distress in a pool; and

8

d.  Was negligent in other ways to be determined through discovery and trial

62.  GWL Carolinas' actions and inactions were grossly negligent and/or were committed in reckless disregard for A.W.P.'s safety and rights.

63.  The acts and omissions of GWL Carolinas described herein are imputed to GWR Parent under the doctrine of agency because at all pertinent times GWL Carolinas was the agent of GWR Parent acting in the course and scope of its agency relationship, as well as for the benefit of GWR Parent.

64.  As a direct and proximate result of GWL Carolinas' negligent training and supervision, Plaintiffs are entitled to recover damages from GWL Carolinas and GWR Parent, jointly and severally, in an amount to be determined at trial, but which is believed to exceed $25,000.

## FIFTH CAUSE OF ACTION
### [Premises Liability – GWR Landowner and GWR Parent]

65.  The preceding paragraphs are realleged and incorporated herein as if fully set forth.

66.  Plaintiffs and the Minor Plaintiffs were lawful visitors during the time they were on the premises of the Great Wolf Lodge and at its pool.

67.  GWR Landowner owed a legal duty to the Minor Plaintiffs and Plaintiffs to maintain the premises of the Great Wolf Lodge in a reasonably safe condition and protect them from foreseeable harm.

68.  GWR Landowner knew or should have known of the danger that an improperly supervised pool poses to guests and customers and users of the pool at the Great Wolf Lodge.

69.  GWR Landowner breached its legal duties in that it:

a.  Failed to use reasonable care in the maintenance of its premises for the protection of its guests and customers and users of the pool at the Great Wolf Lodge in failing to take any reasonable precautions to ensure it was properly supervised by lifeguards and trained staff at all times;

b.  Failed to utilize appropriate drowning detection systems at the pool at the Great Wolf Lodge, including but not limited to camera surveillance systems, to ensure the safety of customers, guests, and users; and

c.  Was negligent in such other ways to be proven through discovery and trial.

70.  The acts and omissions of GWR Landowner described herein are imputed to GWR Parent under the doctrine of agency because at all pertinent times GWR Landowner was the agent of GWR Parent acting in the course and scope of its agency relationship, as well as for the benefit of GWR Parent.

9

71. As a direct and proximate result of GWR Landowner's premises liability, Plaintiffs are entitled to recover damages from GWR Landowner and GWR Parent, jointly and severally, in an amount to be determined at trial, but which is believed to exceed $25,000.

## SIXTH CAUSE OF ACTION
### [Punitive Damages – All Defendants]

72. The preceding paragraphs are realleged and incorporated herein as if fully set forth.

73. Defendants' actions as alleged hereinabove were willful, wanton, malicious, and done with a complete and reckless disregard for Plaintiffs' and A.W.P.'s rights.

74. Pursuant to N.C.G.S. § 1D, *et seq.*, Plaintiffs are entitled to recover punitive damages to punish Defendants for their wrongful conduct and to discourage them and others similarly situated from engaging in similarly wrongful future conduct.

## SEVENTH CAUSE OF ACTION
### [Alter Ego/Piercing the Corporate Veil – All Defendants]

75. The preceding paragraphs are realleged and incorporated herein as if fully set forth.

76. At all relevant times, GWR Parent, GWL Carolinas, and GWR Landowner acted on behalf of one another and did not have a separate mind, will, or existence of their own.

77. Upon information and belief, GWL Carolinas is not a franchise of GWR Parent, but rather GWR Parent ultimately owns and manages GWL Carolinas, GWR Landowner, and their respective assets.

78. By way of example, the May 15, 2015 deed by which GWL Carolinas conveyed the Property to GWR Landowner identifies the mailing address for both parties as that of GWR Parent.

79. Upon information and belief, the finances, operations, and activities of GWL Carolinas and GWR Landowner were ultimately controlled by GWR Parent. Upon further information and belief, GWR Parent establishes and oversees the policies and procedures by which GWL Carolinas operates the Great Wolf Lodge in Concord, including its hiring and training practices and the supervision of employees such as lifeguards.

80. Upon information and belief, GWR Parent makes the financial decisions for both GWL Carolinas and GWR Landowner, including determining the rent that GWL Carolinas shall pay to GWR Landowner, when and how assets are conveyed or transferred, when improvements or renovations are made to the Property, and what rates will be charged to guests of the Great Wolf Lodge.

81. Upon further information and belief, Defendants share common management employees and/or the officers and directors of GWL Carolinas and GWR Landowner report to GWR Parent regarding their activities, operations, and finances.

82. Upon information and belief, Defendants have failed to keep their interests, activities, and funds separate or to adequately account for inter-company transfers.

83. Upon information and belief, both GWL Carolinas and GWR Landowner were used by GWR Parent as a vehicle to shield GWR Parent from liability, and GWR Parent exercises complete domination and control over GWL Carolinas and GWR Landowner. Further, GWL Landowner was used by GWL Carolinas as a vehicle to shield GWL Carolinas from liability.

84. GWR Parent, GWL Carolinas, and GWR Landowner are alter egos of each other, and GWL Carolinas and GWR Landowner were mere instrumentalities of GWR Parent.

85. Because Defendants' actions are indistinguishable from each other, Plaintiffs are entitled to pierce the corporate veil of both GWL Carolinas and GWR Landowner, and all Defendants should be jointly and severally liable for all claims and damages asserted in this action.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray the Court:

1. Award Plaintiffs damages against GWL Carolinas and GWR Parent, jointly and severally, in an amount to be proven at trial, for their negligence, gross negligence, negligent training and supervision, and negligent infliction of emotional distress in an amount to be proven at trial, but which is believed to exceed $25,000;

2. Award Plaintiffs damages against GWR Landowner and GWR Parent, jointly and severally, for their premises liability;

3. Grant Plaintiff punitive damages against Defendants, jointly and severally, for their malicious, and willful and wanton conduct, pursuant to N.C.G.S. §§ 1D-1, *et seq*;

4. That all Defendants be held jointly and severally liable to Plaintiffs as alter egos of each other;

5. That Plaintiff have a trial by jury on all issues so triable;

6. That Plaintiffs recover from Defendants the costs of this action and their reasonable attorney's fees to the fullest extent allowed by law; and

7. That Plaintiffs be granted all other relief, both legal and equitable, which the Court deems just and proper.

This the 27th day of March, 2026.

**JAMES, McELROY & DIEHL, P.A.**


*/s/ J. Alexander Heroy*

_____
J. Alexander Heroy
Jennifer M. Houti
525 N. Tryon Street, Ste. 700
Charlotte, NC 28202
Telephone: (704)372-9870
Facsimile: (704) 333-5508
Email: aheroy@jmdlaw.com
       jhouti@jmdlaw.com
*Attorneys for Plaintiffs*

12